## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

JULIA F. GILLIAM                                                                                                      PLAINTIFF

V.                                     4:07CV00869 JLH/JFF

U.S.A. (Party Defendant Secretary of
H.U.D. Alphonzo Jackson or his successor)                              DEFENDANT

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Chief Judge J. Leon Holmes. The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection. An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these findings and recommendations in whole or in part.

### DISPOSITION

This matter has been referred to the undersigned for disposition. Pending before the Court are Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (docket entry #1) and her Motion for Appointment of Counsel (docket entry #3). Because the undersigned finds that Plaintiff's claims are barred by the principles of *res judicata*, as well as the statute of limitations and for lack of subject-matter jurisdiction, the Court recommends that Plaintiff's motions be DENIED AS MOOT

and her Complaint dismissed with prejudice.

## Factual Background

Plaintiff's Complaint (docket entry #2) is based on a probate action in state court arising from the death of her aunt, Gertrude Baxter, in 1996. Apparently Ms. Baxter's property was encumbered by a construction mortgage issued by the Department of Housing and Urban Development ("HUD")in 1978. The former administratrix of the Baxter estate, Plaintiff Gilliam, filed an action in this Court against HUD in case number 4:01CV00120 JMM, and an attorney was appointed to represent her. Defendant filed a Motion to Dismiss, on the grounds that the mortgage had been released by HUD in July 2000. This Court granted Defendant's Motion to Dismiss, finding that the documentary evidence presented by Defendant showed that the mortgage on the West 37 feet of Lots 7 and 8, Block 22 Wat Worthen Addition of the City of Little Rock, had been released. Although Plaintiff argued that Ms. Baxter executed more than just 37 feet of land, there was no documentary proof that any land other than the West 37 feet of Lots 7 and 8, Block 22 Wat Worthen Addition of the City of Little Rock was mortgaged to Defendant HUD, and Defendant HUD asserted that they did not have a mortgage on any other land of Ms. Baxter. Therefore, Plaintiff's complaint was dismissed.

Almost immediately thereafter, Plaintiff filed a second action in this court, *Estate of Gertrude Baxter (by Julia Gilliam) v. Pulaski County Probate Court et al.*, 4:02CV00202 JMM. The other Defendants included Judge Mackie Pierce, attorney Clayborne Patty, Lenders Title Company, and Gloria Barkins. Defendant Judge Pierce presided over the Baxter estate in probate court; Defendant Patty was appointed by the Court to replace Plaintiff Gilliam as the administrator of the estate when Gilliam refused to sell Ms. Baxter's property to satisfy the outstanding debts of the estate. Defendant

Barkins was apparently the purchaser of the land at issue.  The *gravaman* of that Complaint appears to have been Plaintiff's contention that the parties conspired together to deprive Plaintiff of her rights under a policy of title insurance issued to Ms. Baxter in connection with the land.  Judge James M. Moody dismissed this cause of action for lack of jurisdiction, noting there was no diversity of citizenship nor a federal question involved.

Simultaneously Plaintiff filed a second complaint, also against Clayborne Patty, case no. 4:02CV00218 JMM, concerning the very same issues about title insurance and the validity of the sale of the land.  It too was dismissed for lack of jurisdiction.

Two years later, Plaintiff Gilliam filed a second suit against the United States, Gloria Barkins, and her agent, Dwight Alexander, regarding this same plot of land and seeking to remove a "cloud on the title." District Court Judge James M. Moody found that "once again" Plaintiff was seeking "appellate review of a state court judgment."

> The *Rooker-Feldman* doctrine precludes this Court from exercising jurisdiction over Plaintiff's claims.  The *Rooker-Feldman* doctrine states that district courts do not have subject matter jurisdiction over challenges to state court decisions in judicial proceedings. *Rooker v. Fidelity Trust Co.*,  263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  The Court has studied Plaintiff's claims and finds that they are inextricably intertwined with the state court proceedings.  Plaintiff's claims could succeed only upon a finding that the state court wrongly decided the issues.  The Court finds that the *Rooker-Feldman* doctrine bars Plaintiff's claims.   Plaintiff's Complaint is hereby dismissed for lack of subject matter jurisdiction.

So, the following year, Plaintiff filed her suit again, this time in *Gilliam v. State of Arkansas et al.*, 4:05CV01072 GH.  Other defendants included the Pulaski County Probate Court, Rebsamen Insurance Company, and Lenders Title Company.  And, although Plaintiff attempted to couch her action as a civil rights claim under 42 U.S.C. § 1983, District Judge George Howard, Jr. wrote: "after

reviewing Plaintiff's August 4th Complaint as well as its attachments, the Court finds that Plaintiff is once again seeking a determination that the state court proceedings were wrongly decided. As Judge Moody has correctly and concisely pointed out in the previous cases, this Court simply does not have subject matter jurisdiction over Plaintiff's claims." Plaintiff's case was dismissed on August 5, 2005.

Now Plaintiff has filed the instant action, *Gilliam v. U.S.A. (Party Defendant Secretary of HUD Alphonzo Jackson or his Successor)*. In this Complaint Plaintiff states that "the facts arise from a search of estates records [which] found a contractual agreement between the United States of America, hereinafter called Mortgagee, Gertrude Baxter and the Secretary of Housing and Urban Development." This "contractual agreement" to which Plaintiff refers is the construction mortgage issued to Ms. Baxter in 1978. Plaintiff argues that this agreement was "satisfied" by Ms. Baxter (presumably Plaintiff means through Ms. Baxter's estate) on July 3, 2000, when the mortgage company released its lien on the property upon the payment of the balance of that HUD loan. Therefore, argues Plaintiff, the Defendant must return the property to her as the "third-party beneficiary" of her aunt's estate.

**Analysis**

As Judges Howard and Moody have previously held before, Plaintiff's claims here are again simply seeking to overturn the decision of a state court, something this Court simply does not have the authority to do. Furthermore, the facts at issue in this lawsuit occurred between 1978, when the construction loan was made, and 2000, when Ms. Baxter's estate was apparently settled. The applicable statute of limitations, Ark.Code Ann. § 16-56-105, requires suit to be brought within three years of the date of the alleged actionable conduct. None of the acts complained of in this action

occurred fewer than three years ago.  Lastly, this Court has previously dismissed this very claim against this very Defendant, in *Estate of Baxter v. Department of Housing and Urban Development*, 4:01CV00120 JMM, thereby rendering these claims barred by the doctrine of *res judicata*, or claim preclusion.

*Res judicata* precludes the re-litigation of a claim on grounds that were raised or might have been raised in a prior action. *Res judicata* consists of two preclusion concepts:  issue preclusion and claim preclusion. *Klipsch, Inc. v. WWR Tech., Inc.*, 127 F.3d 729, 733 (8th Cir.1997). "The claim preclusion aspect of *res judicata* . . . provides that 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *Id*. "The test applied to determine whether *res judicata* bars litigation of a claim is: (1) whether the prior judgment was rendered by a court of competent jurisdiction; (2) whether the judgment was a final judgment on the merits; and (3) whether the same causes of action and same parties or their privies were involved in both cases." *Gurley v. Hunt*, 287 F.3d 728, 731 (8th Cir.2002). "If the three elements are met, the parties are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'" *Lundquist v. Rice Mem'l Hosp.*, 238 F.3d 975, 977 (8th Cir.2001).

The undersigned finds that these two cases concern "the same nucleus of operative facts," that the named Defendant was "identical or in privity to one another," and that the Order dismissing Plaintiff's first action against Defendant HUD was a final judgment.  Therefore, it is clear that Plaintiff's claims here are barred by the doctrine of *res judicata*.

**CONCLUSION**

Accordingly,

   IT IS THEREFORE RECOMMENDED that:

   1.  Plaintiff's Complaint (docket entry #2) be dismissed with prejudice;

   2.  Plaintiff's request for leave to proceed *in forma pauperis* (docket entry #1) and for appointment of counsel (docket entry #3) be DENIED; and

   3.  The Clerk of the Court be directed to accept no further pleadings from Plaintiff related to this matter unless Plaintiff has sought and obtained leave of the Court to proceed.

   DATED this 25th day of October, 2007.

                                             _____
                                             UNITED STATES MAGISTRATE JUDGE